**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA 94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panoslagos@panoslagoslaw.com

*Attorneys for Plaintiffs*,
PATRICIA MUGRAUER and
WADE MUGRAUER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICIA MUGRAUER** and **WADE MUGRAUER**,<br><br>            Plaintiffs,<br><br>      vs.<br><br>**CITY OF MODESTO**, a municipal corporation, Modesto Police Department Chief **GALEN CARROLL**, in his Individual and Official Capacities, Modesto Police Officers **JOHN C. LEE**, Individually, **RANDY RADUECHEL**, Individually, and **DOES 2** through **50**, Jointly and Severally,<br><br>            Defendants. | **Case No. 1:16-cv-00480-AWI-SAB**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 – Civil Rights Violations<br>2. 42 U.S.C. § 1983 – Unlawful Customs, Policies, Habits, or Procedures<br>3. California Civil Code § 52.1 (b) – State Civil Rights Violations<br>4. 42 U.S.C. §12132, 28 C.F.R. §35, et seq., and 29 U.S.C. § 794, et seq. – A.D.A. and Rehabilitation Act Violations<br>5. Assault and Battery<br>6. False Arrest<br>7. False Imprisonment<br>8. Negligence<br>9. Invasion of Privacy<br>10. Intentional Infliction of Emotional |

)          Distress
)     11. California Government Code § 845.6 –
)          Failure to Summon Medical Care
)
)

Plaintiffs, by and through their attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and THE LAW OFFICES OF PANOS LAGOS, for their Complaint against Defendants, state the following:

## INTRODUCTION

This case arises out of an incident in which various Modesto Police Department officers forcibly entered Patricia and Wade Mugrauers' home over their objection and without a warrant in the context of what was, at most, a mere civil dispute; in the course of the Defendant Officers' tortious, warrantless entry, Defendant JOHN C. LEE shoved Patricia Mugrauer, a frail and disabled 67 year-old woman, to the ground, proximately fracturing her left hip. During their unlawful home invasion, Defendant RADUECHEL also wrongfully detained and arrested Wade Mugrauer in his own home, brandished his firearm, and threatened him with a Taser weapon in a wrongful and constitutionally violative fashion. Ms. Mugrauer had to be transported to the hospital by ambulance and her injuries that were inflicted by Defendants required surgery and extended rehabilitation.

## JURISDICTION

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of California.

2.      Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 (a), to hear and decide claims arising under state law.

3.      Venue is proper, pursuant to 28 U.S.C. § 1391(e)(2), because the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES AND PROCEDURE

4.      Plaintiffs PATRICIA MUGRAUER and WADE MUGRAUER are citizens of the United States, competent adults, and residents of this judicial district.

5.      At all times mentioned herein, Defendants GALEN CARROLL, JOHN C. LEE, RANDY RADUECHEL, and DOES 2 through 50, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant CITY OF MODESTO Police Department ("MPD") and acted under color of state law. The Defendants named above and DOES 2 through 50 are sued in their individual capacities.

6.      Certain DOE Defendants, at all material times, were employees and agents of Defendant CITY OF MODESTO Police Department, employed as police officers, who acted within the course and scope of their employment with Defendant CITY OF MODESTO and acted under color of state law. These to-be-identified DOE Defendants jointly committed the violations hereinafter described along with Defendant JOHN C. LEE and/or were integral participants in such violations.

7.      Defendant CITY OF MODESTO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual defendants named above, as well as the to-be-identified DOE Defendants. Under its authority, the CITY operates the Modesto Police Department.

8.      Defendant GALEN CARROLL ("CARROLL"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police, and was acting within the course of that employment at such times. He is being sued individually and in his official capacity as the Chief of Police for the MPD. At all material times, Chief CARROLL was the final policy making official for the CITY OF MODESTO, ultimately responsible for all policies, procedures, and training within the MPD.

9.      The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 2 through 50 are unknown to Plaintiffs, who, therefore, sue said Defendants by said fictitious names. Plaintiffs will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed, believe, and thereon allege that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

10.      Plaintiffs allege, on information and belief, that each of the Defendants sued herein was wrongfully, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

11.      Plaintiffs are informed, believe, and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other actionable harm.

12.      The acts and omissions of all MPD Defendants,[1] as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the MODESTO Police Department or, alternatively, such acts and omissions were the proximate

---

[1] Wherever "MPD Defendants" are referenced, both named and DOE Defendants are included.

result of the lack thereof and, thus, were in lieu of polices, practices, and procedures that should have been in place.

13. At all material times, each MPD Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

14. A proper and timely tort claim was presented to the CITY OF MODESTO on behalf of Plaintiffs PATRICIA MUGRAUER and WADE MUGRAUER, pursuant to Government Code section 910 et seq.; this action was thereafter timely filed within all applicable statutes of limitation.

15. This complaint may be pleaded in the alternative, pursuant to Rule 8 (d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

16. Plaintiffs re-allege each and every previous paragraph in this complaint, as though fully set forth herein.

17. On January 12, 2015, at approximately 4:00 p.m., various MPD officers responded to a call of a civil disagreement between Plaintiff PATRICIA MUGRAUER and a young lady who had been staying in a rented room in Ms. Mugrauer's home along with her boyfriend for a short period of time. The young lady's boyfriend had been renting a room from Ms. Mugrauer already and the young lady had only recently moved in for a brief period. However, on the morning of the incident, the young lady and her boyfriend had broken up; the young lady sought to retrieve property from their shared room.

18. However, the young lady's boyfriend had specifically requested that Ms. Mugrauer not permit the young lady to enter or remove any property from their shared room until he returned home from work, which he was set to do a short while after MPD officers had arrived. Ms. Mugrauer honored these wishes, to avoid further disputes and problems that could arise over the couple's property, were she to allow the young lady to begin removing items before the boyfriend, who would still be renting a room from her, had returned.

19.     Ms. Mugrauer respectfully declined to permit entry into her home and requested that the young lady simply wait until the young man arrived home from work, which would be in a short period of time, so they could both be present when belongings were removed.

20.     Instead of waiting for her now "ex-boyfriend" to return home from work, the young lady called the Modesto Police Department.

21.     MPD officers, including Defendant JOHN C. LEE, RANDY RADUECHEL, and other, to-be-identified DOE Defendant officers, arrived and approached the home of the Plaintiffs, PATRICIA MUGRAUER and her son, WADE MUGRAUER (hereafter "the Mugrauers").

22.     Defendants LEE and RADUECHEL were told and/or notified that PATRICIA MUGRAUER was disabled.

23.     The Mugrauers informed LEE, RADUECHEL, and any other MPD officers that were present of the background information, including the need to avoid disputes later about property being removed that might not belong to the young lady by simply waiting until the young man returned from work, as he had requested. The Mugrauers did not want to be responsible for giving property to – or permitting the wrong property to be taken by – the wrong person; they wanted to let the couple divide the items in the room between the two of them.

24.     Consequently, the Plaintiffs respectfully declined to permit the MPD officers to enter their home.

25.     The MPD officers had no search warrant and no lawful justification to enter the Mugrauers' home.

26.     Plaintiff WADE MUGRAUER stated that the police did not have a warrant and would not be permitted to enter.

27.     Nevertheless, in spite of and because of Plaintiffs' assertion of their rights, Defendant JOHN C. LEE, followed by Defendant RANDY RADUECHEL, and various other,

to-be-identified DOE Defendant officers forcibly entered the Plaintiffs' home over their clear objection in a constitutionally violative and trespassory fashion.

28.     In the course of the Defendant officers' tortious, warrantless entry, Defendant JOHN C. LEE shoved Plaintiff PATRICIA MUGRAUER, a frail and physically disabled 67 year-old woman, to the ground, proximately inflicting a serious injury on her: a left intertrochanteric hip fracture.

29.     Once Plaintiff PATRICIA MUGRAUER was on the floor, she could not get up and could not move. She was in excruciating pain, as she had suffered a fractured hip. Requests were made of the Defendant officers to call an ambulance.

30.     In the meantime, Defendant RADUECHEL unlawfully entered the Mugrauer home, accosted Plaintiff WADE MUGRAUER, brandished his firearm, forced WADE MUGRAUER up against a wall, pushed a Taser and/or firearm gun up against his head, and handcuffed him, arresting him inside of his own home and separating him from his injured mother.

31.     Defendant RADUECHEL drew both his firearm and Taser and threatened WADE MUGRAUER with both.

32.     While Defendants JOHN C. LEE, RANDY RADUECHEL, and the other, to-be-identified Defendants wrongfully remained inside of the Mugrauers' home, Plaintiff PATRICIA MUGRAUER remained injured and in pain on the floor, requiring medical care and Plaintiff WADE MUGRAUER remained under arrest, in handcuffs. Plaintiff WADE MUGRAUER, who Defendants had separated from his mother, asked if his mother was okay and requested that the Defendants call an ambulance.

33.     After wrongfully entering inside of the Plaintiffs' home, wrongfully causing PATRICIA MUGRAUER to strike the ground with substantial force, wrongfully remaining in the home, committing various other violations, and, after committing these constitutional violations, inviting the young lady in to retrieve property despite the Plaintiffs' request not to do so, the Defendants un-handcuffed Plaintiff WADE MUGRAUER and eventually left.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
*Patricia Mugrauer and Wade Mugrauer v. City of Modesto, et al.*

7

34.     PATRICIA MUGRAUER was transported by ambulance to the hospital, where she was diagnosed with an acute nondisplaced left hip intertrochanteric fracture and underwent surgery. From the hospital, she was discharged to a rehabilitation facility, from which she was ultimately discharged back home.

35.     The injuries proximately inflicted on Plaintiff PATRICIA MUGRAUER by Defendants JOHN C. LEE, RANDY RADUECHEL, and the other, to-be-identified Defendants, either through their affirmative conduct or their failure to intervene or stop the violations when they were in a position and had time to do so, included, but were not limited to, an acute nondisplaced left hip intertrochanteric fracture.

36.     At all material times and, alternatively, the actions and omissions of each Defendant were intentional and/or wanton and/or willful and/or reckless and/or callous and/or malicious and/or deliberately indifferent to Plaintiffs' rights, and/or negligent.

37.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff PATRICIA MUGRAUER sustained the following injuries and damages, past and future, including, but not limited to:

    a. Economic damages, including, but not limited to, out of pocket expenses, Ambulance, Hospital, and medical expenses, past, present, and future;
    b. Permanent disabilities, requiring rehabilitation, medical care, and assistance;
    c. Severe emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
    d. Loss of enjoyment of life and pain and suffering;
    e. All other legally cognizable special and general damages;
    f. Violations of state and federal constitutional rights; and,
    g. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52, subdivision (b), California Code of Civil Procedure § 1021.5, the ADA, the RA, and as otherwise allowed under California and United States statutes, codes, and common law.

38.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff WADE MUGRAUER sustained the following injuries and damages, past and future, including, but not limited to:

    a. Severe emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

b. Loss of enjoyment of life;
c. All other legally cognizable special and general damages;
d. Violations of state and federal constitutional rights; and,
e. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52, subdivision (b), and as otherwise allowed under California and United States statutes, codes, and common law.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**-- 42 U.S.C. § 1983 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, and DOES 2-10**

39.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

40.   By the actions and omissions described above, Defendants JOHN C. LEE, RANDY RADUECHEL, and DOES 2-10 violated 42 U.S.C. § 1983, depriving Plaintiffs of the following well-settled constitutional rights that are protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

a. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;
b. The right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;
c. The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;
d. The right, as secured by the Due Process Clause of the Fourteenth Amendment, to be free from the exercise of official authority by police officers that decides, in the absence of any judicial process, a civil dispute between two private parties, which amounts to a "curbside courtroom"; and,
e. The right to be free from outrageous government conduct, as secured by the Fourteenth Amendment.

41.   The failure to intervene, prevent, or stop the First, Fourth, and Fourteenth Amendment violations on the part of the individually named Defendant MPD officers, and/or DOE Defendants, and/or supervisors, who were in a position to do so when such violations occurred, renders such Defendant(s) liable for these violations.

42.   The forcible entry in response to the Plaintiffs' First-Amendment-protected assertion of their Fourth Amendment rights, the unreasonable and excessive force used on both

Plaintiff PATRICIA MUGRAUER and Plaintiff WADE MUGRAUER, and the detention and arrest of Plaintiff WADE MUGRAUER, was done in violation of Plaintiffs' constitutional rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene. As a result, Plaintiffs are entitled to damages, pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

43.     Any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

44.     As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶¶ 37-38. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

45.     In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiffs, and by reason thereof, Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF MODESTO.

**SECOND CAUSE OF ACTION**
**-- 42 U.S.C. § 1983 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF MODESTO,**
**GALEN CARROLL, and DOES 20-30**

46.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 45 above, as though fully set forth herein.

47.     Plaintiffs allege, upon information and belief, the unconstitutional actions and/or omissions of the individually named MPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the MPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY OF

MODESTO and/or the MPD, including Defendant GALEN CARROLL:

      f.   Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

      g.   Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as the warrantless entries of homes, free speech, use of force, use of weapons, and seizures of citizens; and/or,

      h.   Failure to train officers on the impermissibility of, or ratifying and/or permitting, the conducting of a "curbside courtroom," pursuant to which MPD officers respond to a civil dispute and choose to take the side of one party over another, instead of remaining neutral and leaving the parties to resolve any civil issues that may exist in the civil judicial system; when MPD officers conduct a curbside courtroom, they wrongfully and in a constitutionally violative fashion exert and abuse their power and authority as sworn peace officers to effectuate a certain result in favor of one civil disputant over the other, thereby violating the other party or parties' right to Due Process under the Fourteenth Amendment to the U.S. Constitution; and/or,

      i.   Tolerating unlawful, warrantless invasions into citizens' homes; and/or,

      j.   Using or tolerating excessive and/or unjustified force; and/or,

      k.   Tolerating wrongful detentions and/or false arrests; and/or,

      l.   Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of excessive force or officer misconduct, including, but not limited to, claims made under California Government Code section 910 et seq.

48.     In the alternative, upon information and belief, Defendants CITY OF MODESTO and GALEN CARROLL may have instituted policies or training addressing some or all of the topics listed above, but have either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

49.     The above-described customs, policies, practices, and/or procedures of the MPD were a moving force and/or a proximate cause of the deprivations of Plaintiffs' constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

50.     As a proximate result of the foregoing customs, polices, practices, and/or procedures of the MPD, or the lack or inadequacy thereof, Plaintiffs sustained injuries and damages as set forth above, in ¶¶ 37-38. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial. Plaintiffs' only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiffs

substantial and complete protection from Defendants' unlawful policies and practices.

Plaintiffs, thus, seek both legal damages and an equitable remedy in the form of injunctive

relief against Defendant CITY OF MODESTO.

**THIRD CAUSE OF ACTION**
**-- VIOLATION OF CIVIL CODE § 52.1 (b) --**
**ALL PLAINTIFFS AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL,**
**DOES 2-10, and CITY OF MODESTO**

51.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 50 above, as though fully set forth herein.

52.     By the actions and omissions described above, the individually named Defendants above and DOES 2-10 violated and/or interfered with Plaintiffs' state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Plaintiffs to sue for damages under California Civil Code § 52.1, subdivision (b).

53.      The violations included depriving Plaintiffs of the following well-settled constitutional rights that are secured by the U.S. Constitution, California Constitution, and California law:

    a. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

    b. The right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

    d. The right, as secured by the Due Process Clause of the Fourteenth Amendment, to be free from the exercise of official authority by police officers that decides, in the absence of any judicial process, a civil dispute between two private parties, which amounts to a "curbside courtroom";

    e. The right to be free from outrageous government conduct, as secured by the Fourteenth Amendment;

    a. The right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13;

    b. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

    a. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

54. Defendant CITY OF MODESTO is liable under California Government Code § 815.2 for the violations of California Civil Code § 52.1 (b), committed within the course and scope of the named and DOE Defendants' employment.

55. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each Defendant named in this Cause of Action, is entitled to relief as set forth above, in ¶¶ 37-38, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

56. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiffs, and by reason thereof, Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF MODESTO.

### FOURTH CAUSE OF ACTION
### --VIOLATIONS OF ADA and REHABILITATION ACT,
### 42 U.S.C. § 12132 and 28 C.F.R. § 35, ET SEQ, and 29 U.S.C. § 794, ET SEQ.--
### PLAINTIFF PATRICIA MUGRAUER AGAINST DEFENDANT CITY OF MODESTO

57. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 56 above, as though fully set forth herein.

58. At all material times herein, Plaintiff had a "disability" within the meaning of the A.D.A., 42 U.S.C. §12102(1) and 28 C.F.R. §35.104, in that Plaintiff had physical impairments that substantially limited one or more of her major life activities.

59. Plaintiff was a resident of the CITY OF MODESTO, was located within the CITY OF MODESTO at the time of the subject incident herein, and is eligible, as a citizen, to law enforcement services by the CITY OF MODESTO. Plaintiff also qualifies as a disabled individual pursuant to the A.D.A. and meets the essential eligibility requirements for the receipt of services from the CITY OF MODESTO's police department. Those services included the

right to not to be discriminated against on basis of her disabilities and the right to be interacted

with and treated by the CITY OF MODESTO in a manner that is consistent with his disability.

60.     Defendant CITY OF MODESTO is a public entity in that it is a local

government. On information and belief, Defendant CITY OF MODESTO is also a recipient of

Federal assistance.

61.     At all material times, Defendant CITY OF MODESTO's police officers were fully

aware that Plaintiff was a disabled individual as defined within the A.D.A., 42 U.S.C. §12102(1)

and 28 C.F.R. §35.104.

62.     **Disability Discrimination**

    a.   Defendant CITY OF MODESTO by and through the individually named
Defendants herein violated the A.D.A., 42 U.S.C. §12132 and 28 C.F.R.
§35.130(b)(1)(i), in that MPD officers denied Plaintiff, a qualified individual
with a disability, the opportunity to participate in or benefit from the aid, benefit,
or services of the CITY OF MODESTO's police department. Instead,
Defendants used excessive and unreasonable force on Plaintiff and forcibly
entered her home over her objection. Defendant CITY OF MODESTO's police
officers discriminated against and treated Plaintiff differently than other non-
disabled individuals.

    b.   Defendant CITY OF MODESTO and the individually named Defendants herein
violated the prohibitions against discrimination as stated in the A.D.A., 42
U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(ii), in that the MPD and the
Defendants, by reason of Plaintiff's disabilities, did not afford Plaintiff an
opportunity to participate in or benefit from the aid, benefits, and services that
are equal to those afforded to other non-disabled individuals by Defendant CITY
OF MODESTO and its police officers. Instead, Defendants used excessive and
unreasonable force on Plaintiff and forcibly entered her home over her
objection. Defendant CITY OF MODESTO'S police officers discriminated
against and treated Plaintiff differently than other non-disabled individuals.

    c.   Defendant CITY OF MODESTO and the individually named Defendants herein
violated the A.D.A., 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(iii), in that
the Defendants, on the basis of Plaintiff's disability, failed to provide Plaintiff an
aid, benefit, or service that was as effective in affording equal opportunity to
obtain the same result, to gain the same benefit, and to reach the same level of
achievement as provided to other individuals in the same situation. Instead,
Defendants used excessive and unreasonable force on Plaintiff and forcibly
entered her home over her objection. Defendant CITY OF MODESTO's police
officers discriminated against and treated Plaintiff differently than other non-
disabled individuals.

d. Defendant CITY OF MODESTO and the individually named Defendants herein violated the A.D.A., 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(iv), in that Defendants, on the basis of Plaintiff's disabilities, provided different aids, benefits, or services to Plaintiff than it provided to non-disabled individuals. Defendants, on the basis of Plaintiff's mental disabilities, treated Plaintiff differently than they would non-disabled individuals in the same situation. Defendants violated Plaintiff's Fourth Amendment rights and also used unnecessary and unreasonable force against Plaintiff because she was disabled. Defendants discriminated against and treated Plaintiff differently than other non-disabled individuals.

e. Defendants violated the A.D.A., 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(vii), in that Defendants limited Plaintiff in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by other individuals in the community receiving the same aid, benefits, and services of Defendants. While being contacted by MPD officers, Plaintiff was entitled to rights, privileges, advantages, and opportunities to be free from unnecessary and unreasonable force. By reason of Plaintiff's disabilities, Plaintiff was limited and/or denied her rights, privileges, advantages, and opportunities to be free from unnecessary and unreasonable force that other non-disabled individuals in the community would otherwise have been afforded. Defendants discriminated against and treated Plaintiff differently than other non-disabled individuals.

63. **Failure to Provide Reasonable Accommodations**

a. Defendants violated the A.D.A., 42 U.S.C. §12132 and 28 C.F.R. §35.160(b)(1)-(2), in that Defendants had a duty and failed to furnish appropriate auxiliary aids and services to Plaintiff, a disabled member of the public, to afford her an equal opportunity to participate in, and enjoy the benefits of Defendant CITY OF MODESTO's law enforcement activities, services, and programs. In the manner that Defendants committed their constitutional violations, Defendants used excessive and unreasonable force on Plaintiff and forcibly entered her home, not only violating her Fourth Amendment rights, but failing to reasonably accommodate her disability, proximately causing her to suffer more severe injuries as a result.

64. Defendants violated the A.D.A., 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(3), in that Defendants utilized criteria and methods of administration that 1) had the effect of subjecting Plaintiff to discrimination of the basis of her disabilities; and 2) on information and belief, had the purpose or effect of defeating or substantially impairing accomplishment of the objectives of Defendant CITY OF MODESTO's program with respect to individuals with disabilities. Defendants, by failing to provide reasonable accommodations to Plaintiff, utilized

criteria and methods of administration that subjected Plaintiff to discrimination on the basis of her disabilities and utilized unnecessary and unreasonable force that subjected Plaintiff to severe injuries.

65.     Defendants' discrimination of Plaintiff by reason of her status as a disabled individual, as alleged herein, was a direct and proximate cause of Plaintiff's severe injuries and pain and suffering.

66.     Defendants' failure to provide appropriate auxiliary aids and services to Plaintiff was a direct and proximate cause of Plaintiff's severe injuries and pain and suffering.

67.     As a direct and proximate result of the aforementioned violations of the A.D.A., 42 U.S.C. §12132 and 28 C.F.R. §35, et seq., Plaintiff suffered severe injuries and pain and suffering, and she is entitled to all remedies and rights set forth in the A.D.A., 42 U.S.C. §12133 and 28 C.F.R. §35.175, including, but not limited to, reasonable attorney's fees, litigation expenses, and costs.

### FIFTH CAUSE OF ACTION
### -- ASSAULT AND BATTERY --
### ALL PLAINTIFFS AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, DOES 2-10, and CITY OF MODESTO

68.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 67 above, as though fully set forth herein.

69.     The acts of the individually named Defendants and DOES 1-10, as described above, constitute assault and battery, entitling Plaintiffs to damages pursuant to California law.

70.     The aiding and abetting and/or failure to intervene and/or failure to prevent these acts gives rise to liability on the part of the other individually named and/or DOE Defendants.

71.     Defendant CITY OF MODESTO is liable under California Government Code § 815.2 for the assaults and batteries, committed within the course and scope of the named Defendants' employment.

72.     As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶¶ 37-38. Plaintiffs are, therefore, entitled to general and

compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the CITY OF MODESTO.

### SIXTH CAUSE OF ACTION
### -- FALSE ARREST --
### PLAINTIFF WADE MUGRAUER AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, DOES 2-10, and CITY OF MODESTO

73.     Plaintiff WADE MUGRAUER re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 72 above, as though fully set forth herein.

74.     By the acts of the individually named Defendants and DOES 2-10, as alleged herein, Plaintiff was falsely arrested, thereby entitling Plaintiff to damages pursuant to California law.

75.     The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of the other individually named and/or DOE Defendants.

76.     Defendant CITY OF MODESTO is liable under California Government Code § 815.2 for the false arrest, committed within the course and scope of the named Defendants' employment.

77.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

### SEVENTH CAUSE OF ACTION
### -- FALSE IMPRISONMENT --
### PLAINTIFF WADE MUGRAUER AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, DOES 2-10, and CITY OF MODESTO

78.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 77 above, as though fully set forth herein.

79.     By the acts of the individually named Defendants and DOES 2-10, as alleged

herein, Plaintiff was falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law.

80. The aiding and abetting and/or failure to intervene and/or failure to prevent this false imprisonment gives rise to liability on the part of the other individually named and/or DOE Defendants.

81. Defendant CITY OF MODESTO is liable under California Government Code § 815.2 for the false imprisonment, committed within the course and scope of the named Defendants' employment.

82. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

## EIGHTH CAUSE OF ACTION
### -- NEGLIGENCE --
### ALL PLAINTIFFS AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, DOES 2-10, and CITY OF MODESTO

83. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 82 above, as though fully set forth herein.

84. At all material times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation and each Defendant owed Plaintiffs the duty to act with reasonable care.

85. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants included, but were not limited to, the following specific obligations:

   a. To refrain from violating the right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;
   b. To refrain from violating the right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

c.   To refrain from violating the right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

d.   To refrain from violating the right, as secured by the Due Process Clause of the Fourteenth Amendment, to be free from the exercise of official authority by police officers that decides, in the absence of any judicial process, a civil dispute between two private parties, which amounts to a "curbside courtroom";

e.   To refrain from violating the right to be free from outrageous government conduct, as secured by the Fourteenth Amendment;

f.   To refrain from violating the right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13;

g.   To refrain from violating the right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43;

h.   To refrain from using excessive and/or unreasonable force against PATRICIA MUGRAUER and WADE MUGRAUER;

i.   To refrain from unreasonably creating and/or escalating a situation where force inevitably is used;

j.   To conduct a reasonable investigation before effecting an arrest;

k.   To use generally accepted police procedures and tactics that are reasonable and appropriate;

l.   To refrain from abusing the authority granted to Defendants by law;

m.   To refrain from violating Plaintiffs' rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

86.   By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to Plaintiffs, which foreseeably resulted in the suffering of damages by Plaintiffs.

87.   The acts and omissions set forth more fully in the paragraphs above also gave rise to a claim hereby asserted by both Plaintiffs for negligent infliction of emotional distress under *Dillon v. Legg*, 68 Cal.2d 728 (1968).

88.   As a proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, as set forth above, in ¶¶ 37-38. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the CITY OF MODESTO.

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## NINTH CAUSE OF ACTION
### -- INVASION OF PRIVACY --
### ALL PLAINTIFFS AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, DOES 2-10, and CITY OF MODESTO

89.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 88 above, as though fully set forth herein.

90.     Plaintiffs' home is a private and personal place and their home contained private and personal belongings. By the acts alleged above, Defendants intruded into a private place, conversation, or matter, in which Plaintiffs had a reasonable expectation of privacy, in a manner highly offensive to a reasonable person, which amounted to an invasion of Plaintiffs' privacy.[2]

91.     Defendant CITY OF MODESTO is liable under California Government Code § 815.2 for the invasion of privacy committed within the course and scope of the employment of the individually named Defendants and DOES.

92.     As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶¶ 37-38. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the CITY OF MODESTO.

## TENTH CAUSE OF ACTION
### -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS --
### ALL PLAINTIFFS AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, DOES 2-10, and CITY OF MODESTO

93.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 92 above, as though fully set forth herein.

94.     Defendants intentionally performed acts that resulted in the infliction of emotional distress upon Plaintiffs. The Defendants' tortious conduct resulted in Plaintiffs

---

[2] *Shulman v. Group W. Prods., Inc.*, 18 Cal.4th 200, 231-232 (1998)

suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiffs to damages pursuant to California law.

95.    As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶¶ 37-38. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the CITY OF MODESTO.

## ELEVENTH CAUSE OF ACTION
### -- VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6 --
### PLAINTIFF PATRICIA MUGRAUER AGAINST DEFENDANTS JOHN C. LEE, RANDY RADUECHEL, DOES 2-10, and CITY OF MODESTO

96.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 95 above, as though fully set forth herein.

97.    The individually named Defendants knew or had reason to know that PATRICIA MUGRAUER was in need of immediate medical care and, yet, each Defendant failed to take reasonable action to summon and/or to provide her access to such medical care and treatment in a timely fashion under the circumstances. Each such individual Defendant, employed by and acting within the course and scope of his or her employment with Defendant CITY, knowing and/or having reasons to know this, failed to take reasonable action to summon and/or provide PATRICIA MUGRAUER access to such care and treatment, in violation of California Government Code § 845.6.

98.    As a proximate cause of the aforementioned acts and omissions of – and attributable under Government Code sections 845.6 and 815.2 to – all Defendants, Plaintiff needlessly suffered, helpless on the floor, as set forth above and is entitled to all damages allowable under California law, as set forth above, in ¶ 37. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against the individually named Defendants in their individual capacities. No punitive damages are sought against the City.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

1. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2. Exemplary and punitive damages against the individual Defendants only, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable;

3. For attorney's fees and costs of suit under 42 U.S.C. § 1988;

4. For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1 (h);

5. For attorney's fees and costs of suit under 42 U.S.C. § 12133 and 28 C.F.R. § 35.175;

6. For all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure §1021.5, the ADA, the RA, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law; and

7. For declaratory and injunctive relief against the CITY OF MODESTO, including, but not limited to, the following:

    a. An order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures, excessive and unreasonable force, and prohibiting Defendants from engaging in and perpetuating the policy, habit, or custom of conducting "curbside courtrooms"; and,

8. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully demand a jury trial in this action on all causes of action that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 14, 2016      **LAW OFFICE OF SANJAY S. SCHMIDT**
**-and-**
**LAW OFFICES OF PANOS LAGOS**


***/s/ Sanjay S. Schmidt***
By: SANJAY S. SCHMIDT
*Attorneys for Plaintiffs,*
PATRICIA MUGRAUER and
WADE MUGRAUER